## MARSHALL *v.* REYNOLDS *et al.*

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

MORTGAGES—CONSIDERATION.

A father conveyed land to his son's wife by deed expressing a consideration of $4,000, and she soon after executed to him a mortgage thereon for $2,500. In an action to foreclose the mortgage, the son testified that the deed was a gift to his wife by his father, and that the mortgage was taken to prevent the son from selling the property; and a release from the son to the father of all claim to the latter's estate was proved. The father testified that he had advanced to the son, besides this deed, $2,000; that the son had had his share; and that the mortgage was taken to be paid, so as to preserve equity between the children. The father had asked the son and his wife for interest on the mortgage, and they had made no claim that it was not a valid security. *Held* to sustain a finding that the mortgage was given for value, and was to be paid.

Appeal from special term, Westchester county.

Action by Cyrus J. Marshall against Mary E. Reynolds and Ira C. Reynolds, her husband, to foreclose a mortgage by defendants to Titus Reynolds, father of defendant Ira C. Reynolds, of land previously conveyed by said Titus Reynolds to defendant Mary E. Reynolds, which mortgage was assigned by said Titus Reynolds to plaintiff. From a judgment for plaintiff on trial by the court without a jury, defendants appeal.

Argued before BARNARD, P. J., and PRATT, J.

*James B. Lockwood,* for appellants. *David H. Hunt,* for respondent.

BARNARD, P. J. On the 1st of April, 1885, the defendant took a deed from his father-in-law expressing a consideration of $4,000. On the 13th of April, 1885, Mary Reynolds executed to her father-in-law a mortgage on the premises conveyed to her by the deed for $2,500. The plaintiff owns the mortgage, and it has never been paid. The answer avers a want of consideration for

the mortgage. Ira C. Reynolds, the husband of Mary Reynolds, the grantee, testified that the deed was given to his wife by his father, and that the mortgage was taken back so as to prevent the son from selling the place. The son Ira gave to his father a release of all claim on the estate of his father. The father testifies that he had advanced to his son, besides this deed, $2,000, and that the son had his share, and that the mortgage was taken to be paid so as to preserve equity between his children. The parties differ entirely. The papers support the mortgage. It appears that the father asked both his son and his son's wife for the interest upon it. No claim was made by them that the mortgage was not a valid security. There is nothing in the evidence which would justify an appellate court in reversing the finding that the mortgage was given for value, and was to be paid. Judgment affirmed, with costs.